```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VALENT RABOVSKY, et al.,        :    CONSOLIDATED UNDER
                                :    MDL NO. 875
        Plaintiffs,             :
                                :    CIVIL ACTION
    v.                          :    NO. 10-3202
                                :
AIR & LIQUID SYSTEMS            :
CORP., et al.,                  :
                                :
        Defendants.             :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              MARCH 12, 2012

        Objections to U.S. Magistrate Judge Strawbridge's orders denying Defendant Pennsylvania Electric Company's ("Pennsylvania Electric's") motion for judgment on the pleadings and denying Defendant Crane Company's ("Crane's") motion in limine are before the Court. For the reasons that follow, the Court overrules the objections.

I.   BACKGROUND

        On March 30, 2010, husband and wife, Valent and Ann Rabovsky ("Plaintiffs"), commenced this asbestos personal injury action in the Philadelphia Court of Common Pleas. Notice of Removal ¶ 1, ECF No. 1. Plaintiffs allege, <u>inter alia</u>, that Mr. Rabovsky was exposed to asbestos-containing valves, pumps, and boilers without proper precautions or warnings while he worked

as a millwright at plants and factories in Pennsylvania. Compl. ¶¶ 4M, 6, ECF No. 1.

On June 9, 2010, Defendants began taking Mr. Rabovsky's deposition, which took four days. Notice of Removal ¶ 8. Mr. Rabovsky testified that at a certain power plant, he was under the chain of command of a federal officer. Id. ¶ 22. On July 1, 2010, Defendant Duquesne Light Company removed the case to the U.S. District Court for the Eastern District of Pennsylvania, pursuant to the federal officer removal statute. See 28 U.S.C. § 1442 (2006).

On October 19, 2011, Pennsylvania Electric moved for judgment on the pleadings for lack of jurisdiction. Mot. for J. on the Pleadings 1, ECF No. 120. Judge Strawbridge denied the motion. Order 1 n.1, Nov. 1, 2011, ECF No. 133. Pennsylvania Electric objected. Pa. Elec.'s Objections 1, ECF No. 149. And Plaintiffs responded. Resp. to Pa. Elec.'s Objections 1, ECF No. 151.

On October 14, 2011, Crane and other Defendants moved to exclude the expert testimony of John Maddox, M.D., Arnold Brody, Ph.D., and Edwin Holstein, M.D. Crane's Mot. in Limine 1-2, ECF No. 115. On January 25, 2012, Judge Strawbridge issued a

memorandum opinion and order denying the motion.[1] Mem. Op. 1, Jan. 25, 2012, ECF No. 173; Order 1, Jan. 25, 2012, ECF. No. 174. On February 9, 2012, Crane objected.[2] Crane's Objections 1, ECF No. 175. Plaintiffs responded. Resp. to Crane's Objections 1, ECF No. 178.

The objections to both orders are ripe for disposition.

## II.  REVIEW OF MAGISTRATE JUDGE'S ORDERS

Judge Strawbridge's orders trigger two different standards of review. First, the order of November 1, 2011, denied Pennsylvania Electric's Motion for Judgment on the Pleadings. As a general rule, a magistrate judge cannot "determine" a motion for judgment on the pleadings. See 28 U.S.C. § 636(b)(1)(A) (2006). However, the Court may refer motions for judgment on the pleadings to a magistrate judge for a report and recommendation. See id. § 636(b)(1)(B)-(C). A party may file written objections to the report and recommendation. Id. § 636(b)(1). And the Court conducts a de novo review of those portions of the report and recommendation to which a party

---

[1] Judge Strawbridge also denied a motion in limine submitted by Goulds Pumps, Inc., to which objections were not filed.

[2] Defendants Goulds Pumps, Inc., and The Doe Run Resources Corporation joined in Crane's objections.

objects and may, if appropriate, "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See id. Therefore, the Court construes Judge Strawbridge's denial of the motion for judgment on the pleadings as a report and recommendation to deny the motion and conducts a de novo review of those parts to which Pennsylvania Electric objects.

Second, the order of January 25, 2012, denied Crane's Motion in Limine to Exclude the "Each and Every Exposure Opinion." A magistrate judge may "determine" these pretrial matters. See id. (b)(1)(A). The Court also considers objections to such nondispositive orders, but reviews the order for whether it is "clearly erroneous or contrary to law." See id.; Fed. R. Civ. P. 72(a). Therefore, the Court reviews Judge Strawbridge's order denying the motion in limine for whether it is clearly erroneous or contrary to law.

**III. MOTION FOR JUDGMENT ON THE PLEADINGS**

Pennsylvania Electric moved for judgment on the pleadings because Plaintiffs failed to perfect service on Pennsylvania Electric.[3] Notwithstanding their admitted failure to

---

[3] At the close of pleadings, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The Court's review of a motion for judgment on the pleadings is plenary and similar to the standard of review for a motion for summary judgment. See Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219

4

serve Pennsylvania Electric, Plaintiffs argue, and Judge Strawbridge agreed, Pennsylvania Electric waived this defense either by failing to raise it in its first responsive pleading or by continuing to litigate the case without raising the defense by motion. Upon de novo review, Judge Strawbridge did not err in denying the motion for judgment on the pleadings.

A party may assert a defense of insufficient process by motion before pleading if a responsive pleading is allowed. See Fed. R. Civ. P. 12(b)(4). However, a party waives the defense of insufficient process by failing either to make it by motion or include it in a responsive pleading." See id. (h)(1)(B); see also McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998). Pennsylvania Electric did not move to dismiss for insufficient process before filing a responsive pleading. Furthermore, Pennsylvania Electric did not include a defense of insufficient process in its Answer. Answer 1-2, ECF No. 23. Therefore, Pennsylvania Electric waived the defense of insufficient process.

Pennsylvania Electric objects that Judge Strawbridge failed to address Plaintiffs' failure to perfect service when

---

(3d Cir. 2005). "Judgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law. [The Court] must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id. at 220 (internal citations removed).

the case was pending in state court. This objection is immaterial because whether Pennsylvania Electric waived the defense of insufficient service is a question of federal, not state, law. See Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 139 n.3 (3d Cir. 1999) ("Once removed, jurisdiction in the District Court is original and federal procedure applies.").

Pennsylvania Electric objects that Judge Strawbridge determined that it waived the defense of "insufficient service of process" when the issue at hand is "failure to perfect service." Pa. Elec.'s Objections 2-3. The distinction in terminology, however, is without a difference. In any event, Pennsylvania Electric waived any objection to service by failing to raise the defense by motion before responsive pleading or in its Answer.

Pennsylvania Electric objects that it asserted the defense of insufficient process in its Answer by incorporating a 1986 Order issued by Judge Weiner in In re Asbestos Litigation, No. 86-0457. That order is not currently in effect. Indeed, the 1986 order predates Multidistrict Litigation No. 875.[4] The 1986

---

[4] The 1986 order is not among the few administrative orders currently in effect in MDL-875 as specified on the MDL-875 website. See U.S. Dist. Court, E. Dist. of Pa., MDL 875 Administrative Orders, http://www.paed.uscourts.gov/mdl875d.asp# (last visited Mar. 5, 2012). And Pennsylvania Electric's reliance on the 1986 order is curious. The 1986 order, inter alia, directs defendants to respond to each "Master Long Form Complaint" by collectively asserting "all affirmative defenses

6

order only applied to the asbestos-related Eastern District of Pennsylvania cases over which Judge Weiner had original jurisdiction and does not apply to the current multidistrict litigation.

Pennsylvania Electric's remaining objections that Plaintiffs failed to effectuate service within the 120-day deadline set by Federal Rule of Civil Procedure 4(m) are immaterial. For the reasons provided, Pennsylvania Electric waived any defense of insufficient process. Therefore, the Court overrules Pennsylvania Electric's objections and adopts Judge Strawbridge's recommendation.

**IV. MOTIONS IN LIMINE**

Crane moved to exclude from the trial any expert testimony by John Maddox, M.D., Arnold Brody, Ph.D., and Edwin Holstein, M.D., that "each and every exposure to asbestos sustained by an individual contributes to cause a later case of mesothelioma." Crane's Mot. in Limine 1, ECF No. 115. Judge Strawbridge denied the motion and held that the "each and every exposure" opinions were admissible under <u>Daubert</u> and Federal

---

on behalf of all defendants." No such defenses have been filed of record in this case. Pennsylvania Electric should have answered the Complaint according to the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Civ. P. 8(b).

7

Rule of Evidence 702.[5] Judge Strawbridge's opinion is not clearly erroneous or contrary to law.

A witness qualified as an expert may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Court interprets the rule liberally in favor of admission because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 596 (1993).

---

[5] In response to Crane's arguments that the experts' opinions are not supported by adequate testing, Judge Strawbridge first explained that, given the long gestation period of asbestos-related diseases, specific testing relating to a particular plaintiff is "exceedingly problematic." Mem. Op. 6. Noting that scientific testing is only one factor in the Daubert analysis, Judge Strawbridge concluded, "when considered in relation to the full scope of the three experts' opinions, the questions with respect to the adequacy of the testing do not lead us to exclude their testimony." Id. at 7. Furthermore, Judge Strawbridge reviewed the relevant state and federal law, especially this Court's decisions allowing similar expert testimony, to conclude that the proposed testimony is reliable. Id. at 7-9.

Before proposed expert testimony is presented to a jury, the Court must determine whether the evidence is relevant and reliable under the following test: "(1) the proffered witness must be an expert, *i.e.*, must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge, *i.e.*, reliability; and (3) the expert's testimony must assist the trier of fact, *i.e.*, fit." <u>United States v. Schiff</u>, 602 F.3d 152, 172 (3d Cir. 2010) (internal editorial marks removed). Crane's objections relate to the reliability and fit of the proposed expert testimony.

First, Crane objects that the each-and-every-exposure opinions are legally insufficient to establish substantial-factor causation under Pennsylvania law. Specifically, Crane argues that under <u>Gregg v. V-J Auto Parts, Inc.</u>, 943 A.2d 216 (Pa. 2007), Plaintiffs' experts must evaluate the frequency, regularity, and proximity of the alleged exposure to establish that Crane's products were a substantial factor in causing Mr. Rabovsky's mesothelioma. <u>Gregg</u>, however, does not bar the proposed expert testimony.

In <u>Gregg</u>, the Pennsylvania Supreme Court considered whether, to overcome summary judgment, a plaintiff in an asbestos products liability action must show frequency, regularity, and proximity to an asbestos-containing product even if plaintiff presents direct evidence of inhalation. 943 A.2d at

9

221. The court held that, at the summary judgment stage, courts must "make a reasoned assessment concerning whether, in light of the evidence concerning frequency, regularity, and proximity of a plaintiff's/decedent's asserted exposure, a jury would be entitled to make the necessary inference of a sufficient causal connection between the defendant's product and the asserted injury." Id. at 227.

Gregg has no bearing on the issue here. The Gregg court did not consider the scientific merit of expert testimony or, for that matter, the methodologies employed by a proposed expert. Furthermore, despite Crane's contention, the Gregg court did not determine that each-and-every-exposure opinions are legally insufficient to prove substantial-factor causation.[6] Therefore, Judge Strawbridge's denial of Crane's motion was not clearly erroneous or contrary to law.

Second, Crane objects that Judge Strawbridge erroneously based his decision on the existence of peer-reviewed literature for the proposed testimony. Crane argues that the

---

[6] The Pennsylvania Superior Court has similarly rejected a defendant's reliance on Gregg to bar an each-and-every-exposure opinion. See Betz. v. Pneumo Abex, L.L.C., 998 A.2d 962, 982-83 (Pa. Super. Ct. 2010) ("[W]e will not equate the Gregg Court's analysis of a de minimis exposure under the 'regularity, frequency and proximity' test for product identification purposes with a de minimis exposure of asbestos for purposes of a Frye challenge to the methodology used to reach an opinion on causation.").

proposed testimony is unreliable because it is not supported by peer-reviewed studies, the proposed experts did not apply a scientific method in reaching their conclusion for the each-and-every-exposure opinion, and that the experts' opinions treat all asbestos fibers as similarly harmful.

As noted by Judge Strawbridge, this Court has allowed plaintiffs to present similar expert testimony to a jury under Rule 702. See Anderson v. Saberhagen Holdings, Inc. (In re Asbestos Prods. Liab. Litig. (No. VI)), No. 10-61118, 2011 WL 605801, at *6 (E.D. Pa. Feb. 16, 2011) (Robreno, J.); Schumacher v. Amtico (In re Asbestos Prods. Liab. Litig. (No. VI)), No. 10-1627 (E.D. Pa. Nov. 2, 2010) (Robreno, J.) (order permitting each-and-every exposure testimony under Rule 702). Crane's objections are fodder to challenge Plaintiffs' experts' testimony during trial, wherein the Court will provide Crane ample opportunity for cross-examination. Therefore, Judge Strawbridge's denial of Crane's motion was not clearly erroneous or contrary to law.

**V.    CONCLUSION**

For the reasons provided, the Court will overrule Pennsylvania Electric's objections, adopt Judge Strawbridge's report and recommendation, and deny Pennsylvania Electric's Motion for Judgment on the Pleadings. Furthermore, the Court

will overrule Crane's objections and affirm Judge Strawbridge's order denying Crane's Motion in Limine.