IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANN RABOVSKY and** : | **CIVIL ACTION** |
| **LYNN C. DOBRICK, Personal** : | |
| **Representative of the Estate of** : | **NO. 10-3202** |
| **VALENT RABOVSKY, Deceased** : | |
| *Plaintiffs* : | |
| : | |
| **v.** : | |
| : | |
| **AIR & LIQUID SYSTEMS** : | |
| **CORPORATION,** *et al*. : | |
| *Defendants* : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                   SEPTEMBER 28, 2016

# MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is a renewed motion for judgment as a matter of law filed pursuant to Federal Rule of Civil Procedure ("Rule") 50(b), by Defendant Crane Co. ("Defendant") [ECF 394][1], and the response filed by Plaintiff Lynn C. Dobrick ("Plaintiff"). [ECF 396]. The issues presented in Defendant's motion have been fully briefed by the parties and are, therefore, ripe for disposition. For the reasons stated herein, Defendant's motion for judgment as a matter of law is denied, and judgment is allowed on the verdict rendered by the jury and molded by this Court.[2]

---

[1] On February 8, 2016 Defendant filed a motion for judgment as a matter of law pursuant to Rule 50(a)(2) [ECF 340], and a renewed motion for judgment as a matter of law pursuant to Rule 50(a)(2) [ECF 341]. Both motions were denied on February 8, 2016. [ECF 347, 348].

[2] *See* [ECF 385].

**BACKGROUND**

The facts of this action are well known to the parties and will be recited only when necessary to address the issues raised. To provide context to this motion, a brief procedural history is needed. On March 30, 2010, Valent Rabovsky ("Decedent") and his wife, Ann Rabovsky, commenced a civil action against various defendants in the Court of Common Pleas, First Judicial District, Philadelphia County,[3] claiming that Decedent, who had been employed since the 1950's as a millwright in multiple power plants and steel mills factories, developed work-related malignant mesothelioma from exposure to asbestos and to products containing asbestos, which had been either produced, manufactured, and/or sold by Defendants.[4] This state

---

[3] *Valent Rabovsky, et vir. v. Air & Liquid Sys. Corp., et al.*, 1003-5767.

[4] Originally named as Defendants in the lawsuit are the following entities: Air & Liquid Systems Corporation (sued as successor-by-merger to Buffalo Pumps, Inc.), A.K. Steel Holding Corporation f/k/a Armco, Inc., Allegheny Energy Supply Company, LLC, Anchor Darling Valve Company, Beazer East, Inc. (individually and as successor-in-interest to Koppers Company, Inc.), BW/IP International, Inc. (individually and as successor-in-interest to Byron Jackson Pump Company), CBS Corporation f/k/a Viacom, Inc. (sued as successor-by-merger to CBS Corporation f/k/a Westinhouse Electric Corporation and also as successor-in-interest to BF Sturtevant), Crane Co. (individually and as successor-in-interest to Chapman Valve Company), Crane Environmental, Inc. (individually and as successor-in-interest to Chicago Heater Co., Inc.), Crown Cork & Seal Company, Inc. (individually and as successor-in-interest to Mudet Cork Company), The Doe Run Resources Corporation f/k/a St. Joseph Lead Co., Duequesne Light Company, E.I. Du Pont du Nemours & Company, Eichleay Engineers, Inc. of California, Electrolux Home Products (as successor-by-merger to White Consolidated Industries, as successor-by-merger to Copes Vulcan, Inc.), Elliott Turbo Machinery Company a/k/a Elliott Company, Flowserve (US), Inc. (successor-by-merger to Durco International and successor to Byron Jackson Pump Company), Foster Wheeler Energy Corporation, Garlock Sealing Technologies, LLC (individually and as successor-in-interest to Garlock, Inc.), General Electric Company, Goulds Pumps, Inc., The Great Atlantic & Pacific Tea Company d/b/a A&P Supermarkets, Honeywell International (individually and as successor-in-interest to Bendix Corporation), IMO Industries, Inc. (individually and as successor-in-interest to Delaval Turbine, Inc.), Ingersoll Rand Company (individually and as successor-in-interest-by-merger to Trane US, Inc.), Jervis B. Webb Company, Koppers, Inc., Kraft Foods Global, Inc. d/b/a Nabisco Brands, Pennsylvania Electric Company, Pevarnik Bros, Inc., Riley Power, Inc. f/k/a Riley Stoker Corporation, RRI Energy Services, Inc. d/b/a Reliant Energy, The Ruhlin Company f/k/a The John G. Ruhlin Construction Co., Trane US, Inc. f/k/a American Standard Companies, United States Steel Corporation, Viad Corporation f/k/a The Dial Corporation (individually and as successor-in-interest to Griscom-Russell Company), Wayne Crouse, Inc., and Yarway Corporation. Some of these Defendants were dismissed voluntarily due to settlements, or were dismissed from this case after having their respective motions to dismiss granted.

action was removed to federal court on July 1, 2010, and eventually became part of Multidistrict Litigation-875, under the administration of the Honorable Eduardo C. Robreno.[5] [ECF 1].  On June 22, 2012, Valent Rabovsky died and, on July 23, 2012, his daughter, Lynn C. Dobrick (together with Ann Rabovsky, "Plaintiffs"), was appointed as the Personal Representative of the Estate of Valent Rabovsky.  [ECF 219].

In the amended complaint, Plaintiffs specifically alleged, *inter alia*, that Defendant, individually and as successor-in-interest to Chapman Valve Company, manufactured, produced, sold, and/or supplied Crane Co. valves to Decedent's various worksites. [ECF 237 at ¶ 3]. Plaintiffs settled with and/or released all Defendants except Defendant Crane Co, and proceeded to trial against this Defendant only on the issue of whether Defendant was negligent in failing to warn Decedent of the danger of exposure to asbestos-containing valves.  Evidence, however, was presented at trial implicating all Defendants as contributors of Decedent's damages and injuries. Following an eight-day trial, the jury was asked to assess liability, if any, against and among various Defendants, including those who had been dismissed from the case because of their respective settlement agreements with Plaintiffs (the "Settling Defendants").  The jury found in favor of Plaintiffs and awarded $1,085,000 in total damages; *to wit*: $835,000 in compensatory damages to the Decedent's Estate under the Survival Act, 20 Pa. C.S. § 3371, *et seq.*, and $250,000 to Plaintiff Ann Rabovsky on her claim for loss of consortium.  The jury apportioned liability amongst specific Defendants and, particularly, assessed Defendant with 30 per cent (30%) liability for damages to Decedent and Plaintiff Ann Rabovsky.  [ECF 361].

---

[5]     Multidistrict Litigation-875 *In Re: Asbestos Products Liability Litigation (No. VI)* ("MDL-875").

**LEGAL STANDARD**

Rule 50 provides that if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may resolve the issue against the party; and grant a motion for judgment against the party on the claim. Fed. R. Civ. P. 50(a)(1)(A)(B). If the court does not grant the motion, the matter is considered to have been submitted to the jury. Fed. R. Civ. P. 50(a)(2). If a party moves for judgment as a matter of law before the case is submitted to the jury under Rule 50(a)(2), and the court declines to grant the motion, as was the case here, the moving party, pursuant to Rule 50(b), may file a renewed motion for judgment as a matter of law after the jury has returned its verdict. Fed. R. Civ. P. 50(b). Rule 50(b) requires that such a motion be filed "[n]o later than 28 days after the entry of judgment-or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged . . . ." *Id.*

A judgment as a matter of law under Rule 50(b) may be granted "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). In considering the evidence, "the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." *Id.* "Although judgment as a matter of law should be granted sparingly, a scintilla of evidence is not enough to sustain a verdict of liability." *Id.* "'The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party.'" *Id.* (quoting *Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir. 1978)). Judgment as a matter of law should only be granted if the record is "critically deficient

4

of that minimum quantum of evidence from which a jury might reasonably afford relief." *Dawson v. Chrysler Corp.,* 630 F.2d 950, 959 (3d Cir. 1980) (citations omitted).

**DISCUSSION**

As to the timeliness of Defendant's motion, Defendant moved for judgment as a matter of law in two separate motions on February 8, 2016, after the close of the trial evidence and before the verdict. *See* [ECF 340-41]. These motions were denied on the same date. *See* [ECF 347-48]. On February 9, 2016, the jury rendered its verdict. [ECF 361]. Thereafter, on March 4, 2016, the parties filed their respective motions to mold the verdict, [ECF 363-65]. On June 15, 2016, this Court granted Plaintiffs' motion to mold the verdict, denied Defendant's motion to mold the verdict, and entered judgment in Plaintiffs' favor. [ECF 385]. Precisely on the 28th day thereafter, Defendant timely filed the instant motion for judgment as a matter of law.

In its motion, Defendant essentially contends that it is entitled to judgment as a matter of law because: (1) it owed no legal duty to Decedent to warn of the hazards of asbestos-containing materials made and sold by third parties Defendant had no control over; and (2) Plaintiffs did not establish causation and failed to prove that Decedent encountered asbestos-containing materials that Defendant manufactured or supplied. These arguments will be addressed *infra*.[6] Regardless of either argument, Defendant further contends that under Pennsylvania law, a manufacturer cannot be held legally responsible for asbestos-containing components that it did not make, sell, or otherwise place in the stream of commerce; an argument Defendant has made numerous

---

[6] Defendant also argues that Plaintiffs were fully compensated by prior recoveries from the Settling Defendants and by payments from asbestos bankruptcy trusts. [ECF 394(1) at 20]. Defendant raised the same argument in its motion to alter or amend judgment, [ECF 393], which this Court addressed in its Order denying Defendant's motion to alter or amend judgment and, therefore, need not do so again. *See* Order dated August 26, 2016 [ECF 399].

times, and each time the argument has been rejected based upon the holding of *Schwartz v. Abex Corp.*, 106 F. Supp. 3d 626 (E.D. Pa. 2015). [ECF 394(1) at 7].

In its motion for judgment as a matter of law, Defendant argues that because the jury's verdict is contrary to Pennsylvania law, it should be vacated, and articulates the following reasons in support thereof: (a) that the evidence at trial established that Defendant's valves did not require the use of asbestos-containing materials to operate and, if the valves contained asbestos, it was because the customer requested it; (b) that no evidence was introduced to establish that Defendant supplied valves that contained asbestos-containing components to Decedent's various worksites, or that Defendant knew that the companies to whom it supplied valves would at some point choose to replace the original components in the valves with asbestos-containing components, (*Id.* at 2-5), and; (c) that this Court erroneously relied on the holding in *Schwartz*, a decision authored by Judge Robreno in another MDL-875 case, and its prediction that the Pennsylvania Supreme Court, under limited negligent situations, would hold a product manufacturer liable in negligence for failing to warn about asbestos hazards of component parts used with its products which it neither manufactured nor supplied. Alternatively, Defendant argues that even if *Schwartz* applies in this case, the evidence presented at trial was not sufficient to trigger a duty to warn under *Schwartz*. (*Id.* at 8). As a final point, Defendant reiterates its argument that because Plaintiff has already made complete recovery of all damages, further recovery is not permitted under Pennsylvania law.[7] Under any of the argument posed, Defendant's motion is without merit.

As stated, when this matter was removed to federal court, it became part of MDL-875, under Judge Robreno's judicial administration until the case was subsequently reassigned to the

---

[7] This argument was resolved by Order dated June 15, 2016. [ECF 385].

undersigned for trial.  While under Judge Robreno's administration, Defendant filed a motion for summary judgment and argued, as it does here, that it was not legally liable for asbestos components used in its valves that Defendant neither manufactured nor supplied.  [ECF 114 at 7-10].  As set forth in the well-reasoned memorandum opinion, Judge Robreno considered and rejected this argument, and concluded that Defendant was not entitled to summary judgment on Plaintiffs' negligence-based failure to warn claim.  Judge Robreno further opined, *inter alia,* that *Schwartz* applied and that Defendant could be liable to Plaintiffs even if Defendant did not supply the asbestos-containing component part.  [ECF 234 at 13-15].

In the instant motion for judgment as a matter of law, Defendant seeks to relitigate the same legal issues presented in its motion for summary judgment which were resolved by Judge Robreno; primarily, that it [Defendant] cannot be liable for negligent failure to warn because of the use of third party asbestos-containing component parts.  In this pending motion, Defendant relies on the identical case law and legal arguments considered and rejected by Judge Robreno.  Pursuant to the *law of the case doctrine*, however, Defendant is not entitled to relitigate or have this Court reconsider these same legal issues.  That is, under this doctrine, "once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case." *Schneyder v. Smith*, 709 F. Supp. 2d 368, 383 (E.D. Pa. 2010); *see also Ohntrup v. Makina ve Kimya Endustrisi Kurumu*, 2012 WL 6188261, at *3 (E.D. Pa. Dec. 12, 2012).  This is true even where the earlier decision was made as part of a multi-district litigation.  *See In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 440 (3d Cir. 2009) (vacating a later order that violated the law of the case doctrine, noting that "nothing in the text of 28 U.S.C. § 1407, the Multidistrict litigation transfer statute, [] authorizes a transferee judge to vacate or modify an order of a transferor judge.").  Exceptions to the law of the case doctrine are narrow and include

only situations "where there has been an intervening change in the law, where new evidence has become available, or where reconsideration is necessary to prevent clear error or a manifest injustice." *Schneyder*, 709 F. Supp. 2d at 383 (quoting *In re Engel*, 124 F.3d 567, 584 (3d Cir. 1997)). Here, none of these exceptions are present. Defendant has not cited to any intervening change in the law or to new evidence and, in this Court's opinion, reconsideration is not needed to prevent a clear error of law or manifest injustice since Judge Robreno's opinion is well-reasoned. Therefore, Defendant's motion for judgment as a matter of law, on this ground, is without merit.[8]

Alternatively, Defendant argues that even applying the *Schwartz* knowledge-based test it is entitled to judgment as a matter of law because Decedent was not owed a duty to be warned of any danger. [ECF 394(1) at 15-18]. Defendant's argument is flawed. Under *Schwartz*, a product manufacturer can be held liable for negligently failing to warn about asbestos hazards of component parts used with its product which it neither manufactured nor supplied if the product manufacturer, such as Defendant, (1) knew its product would be used with an asbestos-containing component part of the type at issue, (2) knew that asbestos was hazardous, and

---

[8] Defendant also argues that because Plaintiffs did not prove that Decedent encountered asbestos-containing materials that Defendant manufactured or supplied, Plaintiffs cannot show causation and, therefore, is entitled to judgment as a matter of law on its negligence-based claim. [ECF 394(1) at 18-20]. This argument is simply an alternative approach to relitigating Judge Robreno's conclusions on summary judgment that Defendant could be liable under negligence even though it did not supply the asbestos-containing component parts, and, under the law of the case doctrine, Defendant is not entitled to relitigate this issue.

Plaintiffs argued, however, that Defendant did not raise this specific causation argument in its pre-verdict motion for judgment as a matter of law and, therefore, the argument is waived. Because this Court concludes that Defendant's causation argument must be denied under the law of the case doctrine, it need not address this waiver issue.

(3) failed to provide a warning that was adequate and reasonable under the circumstances.[9] *Schwartz*, 106 F. Supp. 3d at 654-55. Defendant concedes that at all relevant times it supplied the valves at issue, Defendant knew that asbestos was hazardous, and that it had not provided any warning regarding the use of asbestos in its valves.[10] Thus, under *Schwartz* the remaining issue is whether Plaintiff presented sufficient evidence for the jury to reasonably conclude that Defendant knew its product would be used with an asbestos-containing component part of the type at issue. *See Schwartz*, 106 F. Supp. 3d 654-65; *Lightning Lube,* 4 F.3d at 1166. The record supports the jury's finding in this respect.

Although Defendant argues that there was no direct evidence at trial to support a finding that its valves originally contained asbestos, required the use of asbestos-containing replacement parts, or that asbestos-containing component parts would be used in its valves, [ECF 394(1) at 16-18], Defendant's understanding and/or interpretation of the trial record is mistaken and disingenuous. Succinctly, at trial, Defendant's corporate representative, Anthony Pantaleoni, testified that Defendant manufactured valves that incorporated asbestos-containing gaskets and packing, as well as valves that did not contain asbestos components, depending on the

---

[9] Here, this Court instructed the jury that under Pennsylvania law, a manufacture has a duty to warn of asbestos hazards if it knew that asbestos-containing component parts would be used in its product, knew that there were hazards associated with asbestos, and failed to provide any warnings. (Trial Tr. Feb. 9, 2016 at 85:13-86:1).

[10] In its motion, Defendant does not address the second and third prongs of the *Schwartz* test focusing, instead, on the first—whether it knew its product would be used with an asbestos-containing component part. On the latter part of the analysis, this Court takes notice that in the Order denying the motion for summary judgment, Judge Robreno indicated that Defendant conceded that prior to the mid-1980s it did not provide any warnings and that it knew of the hazards of asbestos by the early 1970s. [ECF 234 at 13]. Further, the evidence presented at trial supports a reasonable jury conclusion that Defendant knew of the hazards of asbestos at least as early as the 1970s, if not much earlier, (Trial Tr. Feb. 5, 2016 at 36:25-37:8; 40:14-46:8; 54:6-56:16), and that Defendant did not provide any warnings on its products during that time period. (*Id.* at 116:19-117:6).

customer's specific preference. (Trial Tr. Feb. 5, 2016 at 108:21-109:2; 109:9-110:2).[11] Mr. Pantaleoni further stated that the valves were sold with the packing and gaskets in place at the time of sale, that the use of asbestos-containing valves depended on the purpose of the valves, and that the valves at issue in this case were steam valves used in power plant operations. (*Id.* at 119:8-16; 107:15-22; 109:15-22). Mr. Pantaleoni added that it was foreseeable that the valves would, as a matter of general maintenance, sometimes have to be opened to have the gaskets and packing replaced. (*Id.* at 116:5-15). In addition, Dr. Holstein testified that asbestos was used in equipment that had to withstand high temperatures, similar to the worksites where Decedent worked. (*See* Trial. Tr. Feb. 3, 2016 at 148:5-16; 149:25-150:15).[12] Similarily, Defendant's industrial hygienist, Charles Blake, testified that there were limited substitutes for asbestos-containing gaskets. (Trial Tr. Feb. 4, 2016 at 81:9-82:7).[13] While Plaintiffs may not have presented actual direct evidence that Defendant supplied asbestos-containing valves to any of Decedent's worksites, the totality of the circumstantial evidence supports the jury's finding that Defendant did. In his video trial testimony, Decedent described the type of work he did, most of which was in a high temperature environment. He recalled specifically seeing Crane Co. valves at the various worksites he was employed in, and having to replace the asbestos in different valves. Clearly, it was the jury's prerogative to assess the credibility of all witnesses and, obviously, the jury found the testimony of Decedent and the evidence present by Plaintiffs credible.

---

[11] [ECF 396(5)].

[12] [ECF 396(4)].

[13] [ECF 396(3)].

Thus, based on the totality of the evidence of record, viewed in the light most favorable to Plaintiffs, and without weighing the evidence or determining the credibility of witnesses, *see Lightning Lube*, 4 F. 3d at 1166, this Court finds that the evidence of record is legally sufficient to support the jury's verdict. Defendant's motion is, therefore, without merit.

**CONCLUSION**

For the reasons set forth herein, Defendant's motion for judgment as a matter of law is denied. An Order consistent with this Memorandum Opinion follows.

*Nitza I. Quiñones Alejandro, U.S.D.J.*